**STATE OF MINNESOTA**　　　　　　　　　　　　　　**DISTRICT COURT**
**County of Hennepin**　　　　　　Judicial District:　　Fourth
　　　　　　　　　　　　　　　　　Case Type:　　　　　Civil Other/Misc.

E. Manrique
*Plaintiff*

vs.　　　　　　　　　　　　　　　　　　　　　**SUMMONS**

Gold Key Credit, Inc.
*Defendant*

---

　　1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

　　2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

　　　619 South Tenth Street
　　　Suite 301
　　　Minneapolis, MN 55404

　　3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

　　4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in the

complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

   **5. LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

   **6. ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: May 4, 2017

        s/ David J.S. Madgett
        David J.S. Madgett (#0390494)
        619 South Tenth Street
        Suite 301
        Minneapolis, MN 55404
        (612) 470-6529
        dmadgett@madgettlaw.com

        ATTORNEY FOR PLAINTIFF

**STATE OF MINNESOTA**  **DISTRICT COURT**
**County of Hennepin** Judicial District: Fouth
Case Type: Civil Other/Misc.

Eleese Manrique
*Plaintiff*

vs.

Gold Key Credit, Inc.
*Defendant*

# COMPALINT

PLAINTIFF, as and for her causes of action (i.e., violations of the Telephone Consumer Protection Act, the Minnesota Automatic Dialing-Announcing Devices Act, and the Fair Debt Collection Practices Act) against the above-named defendant, states and alleges as follows:

### Introduction

1. The following case alleges prolonged harassment by defendant, Gold Key Credit, Inc. (hereinafter "Gold Key"). On an ongoing basis Defendant used an automatic telephone dialing system (hereinafter ATDS) to repeatedly call and harass Ms. Manrique on her personal cell phone for a debt Ms. Manrique did now owe. During several of the calls, Defendant's representatives illegally harassed Ms. Manrique to the point where she developed anxiety when dealing with or even thinking about financial matters. Plaintiff brings this action in order to put a stop to Defendant's illicit conduct.

## Statement of Jurisdiction

2. This Court has Jurisdiction over the subject matter of this action pursuant to Minn. Stat. §484.01, the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 (b) (3), and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d).

## Venue

3. Venue is proper pursuant to Minn. Stat. §542.09 because the cause of action arose within the State of Minnesota and the County of Hennepin.

## Parties

4. Plaintiff is an adult resident of Hennepin County, Minnesota.

5. Defendant Gold Key Credit Inc. is a foreign company registered to conduct business in the state of Minnesota.

6. Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendant conducted business in the State of Minnesota and in the County of Hennepin.

## Facts

7. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39), a "subscriber" as defined by Minn. Stat. §325E.26 subd. 5, and a "consumer" as defined by 15 U.S.C. §1692a(3).

8. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39), a "caller" as defined by Minn. Stat. §325E.26 subd. 3, and a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. Plaintiff's current telephone number, (xxx) xxx-9631, is assigned to a "cellular telephone service" as that term is used in 47 U.S.C. § 227 (b)(1)(A)(ii).

10. The alleged debt owed by Plaintiff is a "debt" as defined by 15 U.S.C. §1692 a(5).

2

11. The calls mentioned herein constitute "communications" as defined by 15 U.S.C. §1692a(2).

12. In January of 2017, Ms. Manrique began receiving a series of letters and harassing phone calls from a collection company, Gold Key.

13. Gold Key claimed to be collecting a medical debt allegedly owed by Ms. Manrique.

14. Upon learning this information Ms. Manrique contacted her insurer who informed Ms. Manrique that the provider has been paid its agreed contract rate and that the provider was not authorized by contract to demand additional funds from Ms. Manrique.

15. Ms. Manrique informed Gold Key of this information, however, Gold Key responded by stating that any such issue was an issue between Ms. Manrique and her insurer.

16. Ms. Manrique informed Gold Key that it was demanding payment for an amount not authorized by law or contract.

17. Ms. Manrique asked Gold Key to cease calling her personal cell phone.

18. Gold key responded by stating that it would continue calling until the bill in question was paid.

19. The calls in question indeed continued.

20. Ms. Manrique then contacted her insurer, Medica Health Plans (Hereinafter "Medica").

21. Medica agreed to contact Gold Key on a joint call regarding the account and bill in question; Ms. Manrique and a Representative from Medica then placed a joint call to Gold Key.

22. A Gold Key representative who identified herself as "Diane Michaels" joined the call and upon being informed that a representative from Medica was on the call, Ms. Michaels refused to talk to the parties and terminated the call.

23. After this call Gold Key continued calling and demanding payment in the amount of $972.89.

24. A pause or delay accompanied many of these calls whereby a representative was not immediately available.

25. In each of the connected calls these calls Ms. Manrique reiterated the came concern that the debt owed was not incorrect.

26. Eventually a representative from Gold Key informed Ms. Manrique that her credit would be adversely effected by her failure to pay.

27. Gold Key stated that it would report the debt in question to various Consumer Reporting Agencies as due and owing.

28. In response to this statement Ms. Manrique retained an attorney at a substantial cost.

29. Upon information and belief, Defendant never furnished information to regarding Plaintiff to any consumer reporting agency.

30. The calls in question appeared to originate from 1-800-218-3280; the last calls in question occurred at 8:19 a.m., and again on 8:20 a.m. May 5, 2017.

31. In some calls Gold Key asked for an individual by the name of Carrie.

32. On information and belief, Gold Key contacted Ms. Manrique on her personal cell phone regarding a debt owed by another.

33. Upon information and belief, Defendant utilizes an ATDS to collect alleged debts from consumers.

34. On several occasions Defendant's auto-dialing system would dial Plaintiff; when Plaintiff answered these phone calls a representative was entirely unavailable resulting in a period of dead air (hereinafter "dead air calls").

35. On other occasions when Plaintiff answered these calls a pre-recorded message came on the line.

36. Plaintiff is informed and believes, and thereon alleges, that said phone calls were made to Plaintiff's cellular telephone via an "automatic telephone dialing system" as defined by 47 U.S.C. § 227 (a)(1).

37. Plaintiff is informed and believes, and thereon alleges, that these telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

38. The calls regarding these debts were made to Ms. Manrique's cell phone via ATDS without Ms. Manrique's prior express consent.

39. Defendant placed or caused to be placed these telephone calls in violation of 47 U.S.C. § 227(b)(1).

40. Plaintiff is informed and believes, and thereon alleges, that during these telephone calls Defendant used an "automatic dialing-announcing device" as defined by Minn. Stat. §325.26 subd. 2.

41. Plaintiff is informed and believes, and thereon alleges, that Plaintiff did not request, consent to, permit, or authorize receipt of said messages pursuant to Minn. Stat. §325E.27(a).

42. Defendant placed or caused to be placed these telephone calls in violation of Minn. Stat. §325E.27.

43. On multiple occasions, Plaintiff requested that Defendant stop calling her, yet the calls in question continued.

44. By failing to stop calling after being requested to do so, Defendant violated 15 U.S.C. § 1692d.

45. By placing harassing dead air calls to Plaintiffs cell phone, Defendant violated 15 U.S.C. § 1692d.

46. By telling Plaintiff that it would furnish information about her to the consumer reporting agencies when it had no intention to do so, Defendant violated 15 U.S.C. §§ 1692e(5) & (10).

47. By failing to deliver the disclosures mandated by 15 U.S.C. §1692g Defendant violated the subsection.

48. As a result of Defendant's conduct, Plaintiff suffered from anger, frustration, anxiety, and humiliation.

### Specific Claims

Count I - Negligent Violations of the Telephone Consumer Protection Act 47 U.S.C. § 227 Et Seq.

49. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

51. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

52. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## Count II – Knowing and/ or Willful Violations of the Telephone Consumer Protection Act 47 U.S.C. § 227 Et Seq.

53. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/ or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

55. As a result of Defendant's knowing and/ or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## Count III- Violation of the Minnesota Automatic Dialing-Announcing Devices Act Minn. Stat. §325E.26-31

56. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

57. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the Minn. Stat. §325E.27.

58. Pursuant to Minn. Stat. §325E.31, Defendant is subject to a private right of action under Minn. Stat. §8.31, and is subject to remedies including damages, reasonable costs and disbursements, reasonable attorney's fees, and injunctive relief.

## Count IV– Violation of Fair Debt Collection Practices Act

## 15 U.S.C. § 1692 *et. seq.*

59. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

60. The aforementioned conduct include multiple and numerous violations of the Fair Debt Collection Practices Act by Defendants including, but not limited to violations 15 U.S.C. §§ 1692d, 1692e(1), 1692e(5), 1692e(10), and 1692g.

**Jury Demand**

61. Plaintiff hereby demands a trial by jury.

**Prayer for Relief**

WHEREFORE, Plaintiff, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $500.00 per violation, pursuant to 47 U.S.C. §227(b)(3)(B);

    c. Statutory damages of $1,500.00 per violation, pursuant to 47 U.S.C. §227(b)(3)(C);

    d. Statutory damages in an amount up to $1,000.00, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    e. injunctive relief prohibiting such conduct in the future;

  f. reasonable attorney's fees, litigation expenses, and cost of suit; and

  g. Any other relief deemed appropriate by this Honorable Court.

Dated: May 4, 2017  Respectfully Submitted,

        MADGETT LAW, LLC

        s/ David J.S. Madgett
        David J.S. Madgett (#0390494)
        619 South Tenth Street
        Suite 301
        Minneapolis, MN 55404
        (612) 470-6529
        dmadgett@madgettlaw.com

        ATTORNEY FOR PLAINTIFF

### Acknowledgement

Plaintiff acknowledges that, pursuant to Minn. Stat. Sec. 549.21 sub. 2, the Court in its discretion may award costs, disbursements, reasonable attorney's fees and witness fees to the parties against whom costs, disbursements, reasonable attorney's fees and witness fees were charged in bad faith.

Dated: May 4, 2017  By: /s/ David J.S. Madgett
        David J.S. Madgett
        ATTORNEY FOR PLAINTIFF